OPINION OF THE COURT
Howard M. Aison, J.
As a result of a motion for summary judgment made by the plaintiff and a cross motion for summary judgment made by the defendant, City Court (Guido A. Loyola, J.), by order signed January 20, 1999, directed that a hearing take place to determine whether the defendant unlawfully converted plaintiffs vehicle and whether the defendant was entitled to storage fees. A hearing was held by this court on March 25, 1999.
Findings of Fact
In the month of May 1995 plaintiff was informed that her 1989 Dodge automobile, loaned by plaintiff to a friend, was needed as evidence in a criminal prosecution. With the permission of plaintiff, one Christopher D. Arton drove the vehicle to the Town of Rotterdam Police Department and it remained at that location, in the custody and control of the Rotterdam police, until on or about November 26, 1996 when the Rotterdam police contacted defendant and requested that the defendant tow and store the vehicle. The defendant did so. On or about May 5, 1997 plaintiff was contacted by defendant and she was informed that she could have her vehicle returned to her as long as she paid $3,000 towing and storing charges. Plaintiff informed defendant that she was willing to pay the towing charges only and she demanded that defendant return her vehicle to her. On or about May 16, 1997 the defendant sent a letter to plaintiff informing her that until the defendant was paid for the storage of said vehicle, in the amount of $25 a day, the defendant would “seek a mechanics lien on the vehicle.” The vehicle remained at defendant’s place of business until January 20, 1999 when Judge Loyola directed that the defendant return the vehicle to the plaintiff.
Conclusions of Law
Lien Law § 184 (1) gives the owner of a garage a detention lien over a motor vehicle until the storage fees have been paid if the vehicle was stored at the request of or with the consent of the owner.
Lien Law § 184 (2) gives the owner of a garage a detention lien over a motor vehicle until the storage fees have been paid *574 if the vehicle was stored at the request of a law enforcement officer authorized to remove such motor vehicle.
We hold that neither Lien Law § 184 (1) nor (2) applies to this case.
Lien Law § 184 (1) only applies when the owner of a motor vehicle requests or consents that his or her vehicle be towed and/or stored. It is not disputed that the Rotterdam police, not the plaintiff, made the towing and storage request and no proof was presented that the plaintiff consented thereto.
Lien Law § 184 (2) applies when a law enforcement agency, authorized to remove a motor vehicle, so requests whether or not the owner makes the same request or gives his or her consent. This subdivision would apply in cases of a motor vehicle accident, a vehicle impound due to the lack of anyone legally able to operate the vehicle, an abandoned vehicle other than as set forth in Lien Law § 184 (3) and when a vehicle is seized contemporaneously with an arrest. The undisputed facts of this case establish that plaintiff consented to the Town of Rotterdam Police Department having custody and control of her vehicle for possible use as evidence in a criminal prosecution. Without plaintiff’s consent the police would have been required to resort to CPL article 690 to seize the vehicle (CPL 690.10 [3], [4]). Once the vehicle was in their possession, absent any agreement with plaintiff otherwise, the police were responsible for towing and/or storage costs until plaintiff received notice that her vehicle was no longer being held by the police as evidence. Apparently the police never notified plaintiff that she could retake possession of her vehicle and when the defendant notified plaintiff, on or about May 5, 1997, she immediately informed defendant that she was ready to do so. Any breach of contract claim that defendant has for the towing and storage that was requested and not paid for must be made to the Town of Rotterdam Police Department, not to the plaintiff.
With regard to damages, the general rule is that recoverable damages are either the lower of the amount required to replace the converted vehicle at the time and place of the taking (Wallingford v Kaiser, 191 NY 392) or if plaintiff accepts return of the property, the loss flowing from the conversion (Silverstein v Marine Midland Trust Co., Í AD2d 1037).
Plaintiff did present evidence of damages that she sustained during the period that she was without her vehicle but she did not present any proof as to the fair market value of the vehicle oh the date of the conversion and the court is unable to compute *575 the amount of damages that she is entitled to. Therefore, unless the parties are able to agree with regard to the amount of damages, the court will schedule another hearing to receive additional proof.
The parties are to notify the court, on or before December 15, 1999, whether an agreement has been reached or whether another hearing is required.